UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPH SAFDIEH,

           Plaintiff,

           v.

CITIBANK, N.A. and HSBC BANK USA, N.A.

           Defendants.

---

**NOTICE OF REMOVAL**

Case No.

To:    THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

       Pursuant to 28 U.S.C. §§ 1441(c) and 1446, Defendant HSBC Bank USA, N.A. ("HSBC Bank"), by its attorneys, Phillips Lytle LLP, files the following Notice of Removal of the above-captioned case from the Supreme Court of the State of New York for the County of Kings (also referred to as "State Court") to the United States District Court for the Eastern District of New York.

       This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a), in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. In support thereof, HSBC Bank states:

       1.    HSBC Bank is a defendant in a civil action captioned *Joseph Safdieh v. Citibank, N.A. and HSBC Bank USA, N.A.*, Index No. 511121/2020, filed June 28, 2020 in the Supreme Court of the State of New York for the County of Kings, in which the action is pending.

2. In accordance with 28 U.S.C. § 1446(a), copies of all the documents filed in this action in State Court are attached as **Exhibit A**.

## I. NOTICE OF REMOVAL IS TIMELY

3. Plaintiff initiated the instant civil action against HSBC Bank by filing a summons and verified complaint ("Complaint") in State Court on or about June 28, 2020.

4. Undersigned counsel for HSBC Bank accepted service for HSBC Bank on or about July 2, 2020.

5. This Notice of Removal is being filed within one year of the commencement of this action and within 30 days of service of the initial pleading setting forth the alleged claims for relief against HSBC Bank upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

## II. DIVERSITY JURISDICTION EXISTS

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.    Diversity of Citizenship Requirement Is Satisfied**

7. Plaintiff is an individual residing in the State of New York, Kings County. (*See* Ex. A, Summons.)  Therefore, Plaintiff is a citizen of New York for purposes of this Notice of Removal.

8. HSBC Bank is a national banking association with its main office in Tysons, Virginia.  *See* Office of the Comptroller of the Currency, List of National Banks

Active as of 5/31/2020.[1]  Therefore, HSBC Bank is a citizen of Virginia for purposes of this Notice of Removal.  *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) ("The Supreme Court has held unequivocally that a national bank is 'located,' for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office . . . .") (*citing Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)).

9.  Citibank, N.A. ("Citibank") is a national banking association with its main office in Sioux Falls, South Dakota.  *See* Office of the Comptroller of the Currency, List of National Banks Active as of 5/31/2020.[2]  Therefore, Citibank is a citizen of South Dakota for purposes of this Notice of Removal.  *See OneWest Bank, N.A.*, 827 F.3d at 218.

10.  Under this analysis, Plaintiff and Defendants are citizens of different states for purposes of 28 U.S.C. §§ 1332 and 1441, and complete diversity exists.

11.  Finally, removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because HSBC Bank and Citibank are not citizens of the State of New York, the state in which this action was brought.

B.  **The Amount in Controversy Requirement is Satisfied**

12.  More than $75,000.00, exclusive of interest and costs, is in controversy in this action.  Specifically, Plaintiff seeks damages in the amount of $575,465.71, in addition to attorneys' fees, expenses, interest and costs.  (*See* Ex. A, Complaint.)

---

[1] Available at https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.

[2] Available at https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.

### III.  REMOVAL TO THIS DISTRICT IS PROPER

13. Because the Complaint was filed in State Court in Kings County, New York, which is situated within the Eastern District of New York, removal to this Court is proper under 28 U.S.C. § 1446(a).

14. Written notice of this filing will be served on Plaintiff's counsel by mail pursuant to 28 U.S.C. § 1446(d).

15. A Notice of Filing of this Notice of Removal will be filed with the clerk of the court for the State Court pursuant to 28 U.S.C. § 1446(d).

### IV.  CONSENT

16. Counsel for Citibank (Bruce Goodman, Esq. of Zeicher, Ellman & Krause, LLP) has confirmed that Citibank consents to this removal, and will be filing a separate consent to removal.

WHEREFORE, HSBC Bank removes this case from the Supreme Court of the State of New York for the County of Kings to the United States District Court for the Eastern District of New York.

Dated: New York, New York
July 9, 2020

PHILLIPS LYTLE LLP

By: /s/ Preston L. Zarlock
Preston L. Zarlock
Attorneys for Defendant
*HSBC Bank USA, N.A.*
340 Madison Avenue, 17th Floor
New York, New York  10173
Telephone No. (212) 759-4888
pzarlock@phillipslytle.com

Doc #8531074

# EXHIBIT A

FILED: KINGS COUNTY CLERK 06/28/2020 11:35 AM                                INDEX NO. 511121/2020
NYSCEF DOC. NO. 1                                                            RECEIVED NYSCEF: 06/28/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
JOSEPH SAFDIEH,

                              Plaintiff,

      -against-

CITIBANK, N.A., and HSBC BANK USA, N.A.,

                              Defendants.
------------------------------------------------------------------X

Index No.           /2020

**SUMMONS**

Plaintiff designates
Kings County as place
for trial.

Basis of Venue:
County in which Plaintiff
resides

TO THE ABOVE-NAMED DEFENDANT(S);

You are hereby summoned to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
       June 23, 2020

Yours, etc.,

/s/ Samuel Katz
**LAW OFFICE OF SAMUEL KATZ, PLLC**
Samuel Katz, Esq.
4533 16th Avenue
Brooklyn, NY 11204
Tel. (347) 396-3488
Fax (347) 396-9622
sk@samkatzlaw.com

*Attorneys for Plaintiff*

**Defendants' Addresses**:
CITIBANK, N.A.
399 Park Avenue
New York, New York 10022

HSBC BANK USA, N.A.
452 5th Avenue
New York, NY 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
JOSEPH SAFDIEH,

                Plaintiff,

-against-

CITIBANK, N.A., and HSBC BANK USA, N.A.,

                Defendants.
------------------------------------------------------------X

Index No.    /2020

**VERIFIED COMPLAINT**

Plaintiff, JOSEPH SAFDIEH, by and through his attorney, LAW OFFICE OF SAMUEL KATZ, PLLC, as and for his Verified Complaint against the Defendants CITIBANK, N.A. and HSBC BANK USA, N.A., alleges and states upon information and belief as follows:

**PARTIES**

1. At all times relevant herein Plaintiff, JOSEPH SAFDIEH, was and is a natural person residing in the State of New York, County of Kings.

2. At all times relevant herein, Defendant CITIBANK, N.A., was and is a national banking association authorized to do business in New York with a principal place of business located at 399 Park Avenue New York, NY 10022.

3. At all times relevant herein, Defendant HSBC BANK USA, N.A., was and is a national banking association authorized to do business in New York with a principal place of business located at 452 5th Avenue New York, NY 10018.

**JURISDICTION AND VENUE**

4. Jurisdiction is claimed under CPLR §301 and 302(a).

5. Venue is claimed under CPLR §503(a) as the Plaintiff resides in Kings County.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. At all times relevant to the allegations set forth herein, Plaintiff maintained a checking account with Citibank, N.A. ("Citibank") ending in 0888.

7. On or about April 15, 2019, Plaintiff received a check in the sum of $233,773.52 from AIG Property Casualty Company made payable to Plaintiff and HSBC Bank, ISAOA ATIMA ("HSBC").

8. On or about April 19, 2019, Plaintiff endorsed the check and deposited it into his Citibank account ending in 0888.

9. Although the check was endorsed only by Plaintiff and not by HSBC, Citibank accepted the check for deposit and credited Plaintiff's account for the amount of the check.

10. Thereafter, more than eight (8) months later, on January 28, 2020, Citibank unilaterally closed the Plaintiff's account ending on 0888 and issued a cashier's check, number 991368777, to Plaintiff Joseph Safdieh in the sum of $107,918.67 (hereinafter, the "funds") representing all of the remaining funds in the account.

11. Plaintiff went to deposit the cashier's check into an account he maintained at TD Bank.

12. Upon presentment of the Citibank cashier's check for deposit, the TD Bank manager contacted Citibank in the presence of Plaintiff to verify the check and funds availability.

13. Citibank verified the check and funds availability by speaking to the TD Bank manager.

14. Upon confirmation by Citibank, TD Bank then accepted the check and deposited the check into Plaintiff's TD bank account.

15. However, subsequently, Citibank unilaterally stopped the cashier's check and

Plaintiff's TD bank account was not credited for the funds.

16. Citibank's stopping of the cashier's check resulted in TD Bank closing Plaintiff's account at TD Bank and caused Plaintiff great embarrassment.

17. Upon stopping the cashier's check, Citibank also did not credit Plaintiff's account for the sum of the stopped check.

18. Instead, on January 31, 2020, without any notice to Plaintiff, Citibank issued a check in the sum of $233,773.52 made payable to HSBC only.

19. The $233,773.52 was apparently comprised of the $107,918.67 funds of the stopped cashier's check, plus an additional $125,854.85.

20. In a subsequent email to Plaintiff, Citibank claimed that it issued the check to HSBC because HSBC had a Uniform Commercial Code ("UCC") warranty claim against Citibank for converting the initial AIG check and crediting Plaintiff's Citibank account for the amount of the check without HSBC's endorsement.

21. However, Citibank failed to explain why it issued the January 31, 2020 check to HSBC only, and not to HSBC and Plaintiff jointly as co-payees, just as the original AIG check was issued.

22. Since the funds of the January 31, 2020 Check to HSBC was comprised of funds that were initially issued by AIG to both HSBC and Plaintiff as co-payees, Citibank was required to make the check payable to both HSBC and Plaintiff.

23. By failing to add Plaintiff as a co-payee on the January 31, 2020 check to HSBC, Citibank violated several statutory laws and the common law.

### AS AND FOR THE FIRST CAUSE OF ACTION AGAINST DEFENDANT CITIBANK, N.A. FOR COMMON LAW CONVERSION

24. Plaintiff repeats and realleges each and every allegation made above, as if set forth at length herein.

25. Citibank converted the funds belonging to Plaintiff.

26. As stated, Citibank issued a cashier's check, number 991368777, to Plaintiff Joseph Safdieh in the sum of $107,918.67 representing all of the available funds in Plaintiff's account.

27. Citibank thereafter verified the cashier's check and the funds availability by speaking to a TD Bank manager to whom the cashier's check was presented for deposit.

28. By Citibank's subsequent stopping of the cashier's check and Citibank's failure to credit Plaintiff's account for the amount of the funds, Citibank intentionally and without authority converted the funds belonging to and owned by Plaintiff and interfered with Plaintiff's right of possession and ownership in said funds.

29. Citibank exercised dominion and control over the Plaintiff's funds in derogation of Plaintiff's ownership rights of the funds without any legal basis or justification.

30. Citibank's conversion of Plaintiff's funds caused Plaintiff to suffer compensatory damages in the sum of $107,918.67 plus interest.

31. Citibank's conversion of Plaintiff's funds caused Plaintiff to lose business opportunities and as such Plaintiff suffered additional economic losses in a sum to be determined at a trial of this action but at all times within the jurisdictional limits of this court.

## AS AND FOR THE SECOND CAUSE OF ACTION AGAINST DEFENDANT CITIBANK, N.A. FOR VIOLATIONS OF UCC §3-409, UCC §3-411 and §3-412

32. Plaintiff repeats and realleges each and every allegation made above, as if set forth at length herein.

33. Citibank's issuance of the cashier's check, number 991368777, to Plaintiff Joseph Safdieh in the sum of $107,918.67 constitutes an accepted draft pursuant to Uniform Commercial Code §3-409, and Citibank became liable for its payment.

34. Citibank's issuance of the cashier's check, number 991368777, to Plaintiff Joseph Safdieh in the sum of $107,918.67 created a legal obligation pursuant to Uniform Commercial Code §3-411 requiring Citibank, as the obligated bank, to pay the cashier's check.

35. By wrongfully stopping the cashier's check without any legal justification, Citibank breached its obligations pursuant to Uniform Commercial Code §§3-409, 3-411 and 3-412.

36. Pursuant to Uniform Commercial Code §3-411(b), Citibank is liable to the Plaintiff herein for compensation for expenses (including attorney's fees) and loss of interest resulting from the wrongful nonpayment of the cashier's check and may recover consequential damages.

37. Accordingly, Citibank is liable to Plaintiff for attorney's fees and costs he incurred in connection with commencing and prosecution this action through final judgment and for loss of interest in such sums as shall be determined by this court at a trial of this action and at all times within the jurisdictional limits of this court.

### AS AND FOR THE THIRD CAUSE OF ACTION AGAINST DEFENDANT CITIBANK, N.A. FOR NEGLIGENCE

38. Plaintiff repeats and realleges each and every allegation made above, as if set forth at length herein.

39. Citibank owed Plaintiff a duty of care with respect to the monies belonging to Plaintiff and maintained in Plaintiff's Citibank account.

40. As part of that duty of care, Citibank had a duty to ensure that the funds belonging to Plaintiff and maintained in Plaintiff's account are negotiated and converted only to those payees who possess a legal ownership interest in said funds.

41. Citibank breached their duty of care to Plaintiff when Citibank negligently, and intentionally, issued a cashier's check dated January 31, 2020, number 170833132, to HSBC in the sum of $233,773.52, which was comprised of funds which was initially issued by AIG to both HSBC and Plaintiff as co-payees.

42. The January 31, 2020 cashier's check was negligently, and intentionally, issued by Citibank to HSBC only, without any authorization by Plaintiff and without any legal basis.

43. By Citibank's negligent and intentional issuance of the January 31, 2020 cashier's check to HSBC only, Citibank caused HSBC to negotiate funds equally belonging to Plaintiff but without Plaintiff's authorization.

44. As a direct result of Citibank's negligent and/or intentional acts and omissions, Plaintiff suffered compensatory damages in the sum of $233,773.52.

45. But for Citibank's breach of their duty of care to Plaintiff, Plaintiff would not have suffered compensatory damages in the sum of $233,773.52.

### AS AND FOR THE FOURTH CAUSE OF ACTION AGAINST DEFENDANT HSBC BANK USA, N.A. FOR COMMON LAW CONVERSION

46. Plaintiff repeats and realleges each and every allegation made above, as if set forth at length herein.

47. HSBC converted funds belonging to Plaintiff.

48. At the time it received the January 31, 2020 Citibank cashier's check, HSBC knew that the check was comprised of funds which Plaintiff received from AIG.

49. At the time it received the January 31, 2020 Citibank cashier's check, HSBC knew that Plaintiff had a legal possessory interest in the funds.

50. Notwithstanding HSBC's express knowledge as stated, HSBC nevertheless proceeded to negotiate and convert said funds.

51. Upon negotiation of said cashier's check, HSBC was credited for the full amount of the cashier's check.

52. By receiving the full amount of the funds of the cashier's check, HSBC interfered with Plaintiff's right of possession and ownership in said funds.

53. By receiving the full amount of the funds of the cashier's check, HSBC exercised dominion and control over the Plaintiff's funds in derogation of Plaintiff's ownership rights of the funds without any legal basis or justification.

54. HSBC's conversion of Plaintiff's funds caused Plaintiff to suffer compensatory damages in the sum of $233,773.52 plus interest.

55. HSBC's conversion of Plaintiff's funds caused Plaintiff to lose business opportunities and as such Plaintiff suffered additional economic losses in a sum to be determined at a trial of this action but at all times within the jurisdictional limits of this court.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A. On the first cause of action against Defendant Citibank, N.A., for common law conversion in the sum of $107,918.67 plus statutory interest and costs, and for loss of business opportunities; and

B. On the second cause of action against Defendant Citibank, N.A., for violations of UCC §3-409, UCC §3-411 and §3-412 and for expenses (including attorney's fees)

and loss of interest in a sum to be determined by this court and at all times within the jurisdictional limits of this court; and

C. On the third cause of action against Defendant Citibank, N.A., for negligence in the sum of $233,773.52 plus statutory interest, costs and reasonable attorney's fees; and

D. On the fourth cause of action against Defendant HSBC Bank USA, NA, for common law conversion in the sum of $233,773.52 plus statutory interest, costs and reasonably attorney's fees, and for loss of business opportunities; and

E. Awarding plaintiff such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
June 23, 2020                Yours, etc.,

/s/ Samuel Katz
**LAW OFFICE OF SAMUEL KATZ, PLLC**
Samuel Katz, Esq.
4533 16th Avenue
Brooklyn, NY 11204
Tel. (347) 396-3488
Fax (347) 396-9622
sk@samkatzlaw.com
*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK      )
                       ) SS:
COUNTY OF KINGS        )

**JOSEPH SAFDIEH,** having been duly sworn, hereby deposes and states as follows:

I am a Plaintiff in the within Complaint. I have read the attached Complaint and know the contents thereof. The statements contained therein are true to my own knowledge, or upon information and belief. As to those statements that are based upon information and belief, I believe them to be true.

_____
**JOSEPH SAFDIEH**

Sworn to before me on this
23rd day of June, 2020

_____
Notary Public

NELSON R. CUNHA
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 6/2/2021