Barry J. Glickman, Esq.
Bruce S. Goodman
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
Attorneys for Defendant
  *Citibank, N.A.* \

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH SAFDIEH,<br><br>                              Plaintiff,<br><br>              - against -<br><br>CITIBANK, N.A. and HSBC BANK USA, N.A.,<br><br>                              Defendants. | Case No.: 20-CV-3073 (CBA) (SJB)<br><br>**CITIBANK'S ANSWER WITH COUNTERCLAIMS AND CROSS-CLAIMS** |

Defendant, Citibank N.A., by its attorneys, Zeichner Ellman & Krause LLP, answers the Complaint dated June 23, 2020 (the "Complaint"), upon information and belief as follows:

1.      It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 1, 3, 7, and 11 through 15, 17 and 19.

2.      It denies each and every allegation contained in paragraph 2, except Citibank is a national banking association, organized and existing under the laws of the United States of America.

3.      It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 4 and 5 except that by a Notice of Removal dated July 9, 2020, defendant HSBC Bank USA, N.A. removed this action from the Supreme Court of the State of New York, County of Kings to this Court.

4.      It denies each and every allegation contained in paragraph 6, except at all relevant times Citibank maintained an account in the names of Joseph Safdieh and Barbara Safdieh, account number XXXXXX0888.

5.      It denies each and every allegation contained in paragraph 8, except that the referenced check required the indorsements of both plaintiff and defendant HSBC Bank USA, N.A., and it refers to the check for its contents.

6.      It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 9, 10 20, and refers to the referenced documents.

7.      It denies each and every allegation contained in paragraphs 16, 21, 23, 25, 27 through 31, 35 through 37, and 39 through 45.

8.      It denies each and every allegation contained in paragraph 18, except that Citibank drew an official check to the order of HSBC Bank USA, N.A., dated January 31, 2020, in the amount of $233,773.52.

9.      It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 20, and refers to the referenced documents.

2

10.     It denies each and every allegation contained in paragraph 20, except that both plaintiff and defendant HSBC Bank USA, N.A. claim the proceeds of the check drawn by AIG Property Casualty Company.

11.     It denies each and every allegation contained in paragraph 26, except that Citibank drew a check to the order of Joseph Safdieh and Barbara Safdieh, dated January 28, 2020, in the amount $107,918.67.

12.     It denies each and every allegation contained in paragraphs 33 and 34, and refers all questions of law to the Court.

13.     It denies each and every allegation contained in paragraphs 47 through 55 to the extent the allegations set forth in those paragraphs contain any allegations against Citibank.

## FIRST AFFIRMATIVE DEFENSE

14.     The complaint, as a whole and each and every purported claim alleged therein, fails to state a claim against Citibank.

## SECOND AFFIRMATIVE DEFENSE

15.     The complaint fails to state a claim for conversion against Citibank.

## THIRD AFFIRMATIVE DEFENSE

16.     The complaint fails to state a claim for violations of N.Y.U.C.C. §§ 3-409, 3-411 and 3-412 against Citibank.

## FOURTH AFFIRMATIVE DEFENSE

17.     The complaint fails to state a claim for negligence against Citibank.

## FIFTH AFFIRMATIVE DEFENSE

18.     The complaint fails to state a claim for attorney's fees, expenses and costs against Citibank.

## SIXTH AFFIRMATIVE DEFENSE

19.     Citibank acted in good faith and in accordance with the reasonable commercial standards of its business.

## SEVENTH AFFIRMATIVE DEFENSE

20.     Plaintiff may not maintain this action upon the ground that Citibank has defenses based upon documentary evidence.

## EIGHTH AFFIRMATIVE DEFENSE

21.     Plaintiff cannot allege any damages as a result of any actions taken by Citibank.

## NINTH AFFIRMATIVE DEFENSE

22.     Plaintiff is precluded from recovery by reason of his failure to mitigate his damages, if any.

## TENTH AFFIRMATIVE DEFENSE

23.     Any damages plaintiff allegedly suffered were caused, in whole or in part by superseding and/or intervening acts of those other than Citibank.

## ELEVENTH AFFIRMATIVE DEFENSE

24.     Plaintiff is not entitled to funds he demands by the complaint.

## TWELFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred because he lacks standing to pursue such claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, ratification and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

27.     Plaintiff has not suffered any damages as a result of any alleged conduct of Citibank.

## FIFTEENTH AFFIRMATIVE DEFENSE

28.     If the damages plaintiff allegedly sustained occurred at the time and place, and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to the plaintiff's culpable conduct, and if any damages are recoverable against Citibank, the amount of such damages shall be diminished in the proportion which

the culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

## FOR A FIRST COUNTERCLAIM
## AGAINST PLAINTIFF

29.    This Court has subject matter jurisdiction over Citibank's Counterclaims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the claims in the complaint that they form part of the same case or controversy under Article III of the United States Constitution.

30.    The Court has personal jurisdiction over plaintiff by virtue of plaintiff's commencement of this action.

31.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and (3).

32.    Plaintiff deposited the April 15 Check to the credit of the Safdieh Account without HSBC's required indorsement or authorization.

33.    Between April 15, 2019 and January 28, 2020, plaintiff withdrew $125,864.85 from the Safdieh Account against the proceeds of the April 15 Check.

34.    Upon information and belief, by indorsing the April 15 Check and receiving consideration for it, plaintiff warranted to Citibank, among other things, that he had good title to the April 15 Check and/or was authorized to obtain payment or acceptance on behalf of one who had good title.

35.     Citibank paid the proceeds of the April 15 Check in good faith and in reliance upon plaintiff's warranties.

36.     Plaintiff breached his warranties in that, among other things, he did not have good title to the April 15 Check and/or he was not authorized by HSBC to obtain payment or acceptance on HSBC's behalf.

37.     By reason of the foregoing, plaintiff is strictly liable to Citibank for damages pursuant to N.Y.U.C.C. § 3-417 and N.Y.U.C.C. § 4-207 for not less than the amount of the April 15 Check, plus Citibank's attorneys' fees and expenses incurred in this action.

**FOR A SECOND COUNTERCLAIM**
**AGAINST PLAINTIFF**

38.     Citibank repeats and realleges the allegations contained in paragraphs 28 through 37.

39.     By reason of the foregoing, plaintiff has been unjustly enriched and is liable to Citibank for not less than the amount of the April 15 Check.

**FOR A THIRD COUNTERCLAIM**
**AGAINST PLAINTIFF**

40.     Citibank repeats and realleges the allegations contained in paragraphs 28 through 39.

41.     Citibank inadvertently drew a check to the order of Joseph Safdieh and Barbara Safdieh, dated January 28, 2020, in the amount $107,918.67 (the "January 28

Check"), and delivered the check to plaintiff.  The proceeds of the January 28 Check were intended for HSBC, and represent a portion of the proceeds of the April 15 Check.

42.     Citibank thereafter cancelled the January 28 Check because upon information and belief plaintiff was not entitled to the proceeds.

43.     Plaintiff improperly retains possession of the January 28 Check.

44.     Accordingly, Citibank is entitled to a judgment declaring the January 28 Check to be invalid, and enjoining plaintiff from negotiating the January 28 Check.

## FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT HSBC BANK USA, N.A.

45.     By his complaint, plaintiff alleges that on or about April 15, 2019, he deposited a check in the amount of $233,773.52, drawn by AIG Property Casualty Company and payable to the order of Joseph Safdieh and HSBC Bank, ISAOA ATIMA ("HSBC") (the "April 15 Check"), for credit to a Citibank account ending in 0888 (the "Safdieh Account").

46.     Citibank maintained the Safdieh Account jointly in the names of plaintiff and Barbara Safdieh.

47.     According to the complaint, the April 15 Check was not indorsed by HSBC.

48.     In or about October 2019, HSBC represented to Citibank that plaintiff was not entitled to any portion of the April 15 Check proceeds, but that HSBC was entitled to the proceeds of that check in its entirety.

8

49.     Accordingly, HSBC demanded that Citibank remit the proceeds of the April 15 Check to HSBC.

50.     In reasonable reliance upon HSBC's representation, Citibank remitted the proceeds of the April 15 Check to HSBC by check in the amount of $233,773.52 to the order of HSBC, dated January 31, 2020.

51.     According to the Complaint, HSBC misrepresented that it had a valid Uniform Commercial Code warranty claim against Citibank for crediting the proceeds of the April 15 Check to the Safdieh Account without HSBC's indorsement

52.     According to the complaint, HSBC interfered with plaintiff's rights in and to the proceeds of the April 15 Check by demanding Citibank remit the proceeds of the check to it, and obtaining those proceeds.

53.     By reason of the foregoing, HSBC has been unjustly enriched at Citibank's expense.

54.     If plaintiff should recover against Citibank by reason of Citibank's actions, then HSBC should be held and adjudged liable to Citibank for unjust enrichment in the same amount, plus attorneys' fees.

**FOR A SECOND CROSS-CLAIM AGAINST
DEFENDANT HSBC BANK USA, N.A.**

55.     Citibank repeats and realleges the allegations contained in paragraphs 44 through 54.

56.     By reason of the foregoing, HSBC negligently misrepresented its entitlement to the proceeds of the April 15 Check to Citibank.

57.     Citibank reasonably relied upon HSBC's representation to its detriment.

58.     Accordingly, Citibank is entitled to contribution and or indemnity from HSBC for any amount plaintiff may recover as against Citibank.

## FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT HSBC BANK USA, N.A.

59.     Citibank repeats and realleges the allegations contained in paragraphs 44 through 58.

60.     By reason of the foregoing, Citibank is entitled to contribution and/or indemnity from defendant HSBC Bank USA, N.A., for any amount plaintiff may recover as against Citibank.

WHEREFORE, Citibank, N.A. demands judgment:

(a)     dismissing the Complaint in its entirety;

(b)     on the first and second counterclaims as against plaintiff Joseph Safdieh, in an amount not less than $233,773.52, together with the costs and disbursements of this action, including attorneys' fees and costs;

(c)     on the third counterclaim as against plaintiff Joseph Safdieh, declaring the January 28 Check to be invalid, and enjoining plaintiff from negotiating the January 28 Check;

(d)     on the first, second and third cross-claims as against defendant HSBC Bank USA, N.A., for such sums as Citibank may be held and adjudged liable to plaintiff, together with the costs and disbursements of this action, including attorneys' fees and costs; and

(e)     for such other and further relief as is just.

Dated:   New York, New York
         July 20, 2020

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
    Barry J. Glickman, Esq.
    Bruce S. Goodman, Esq.
    Attorneys for Defendant
    Citibank, N.A.
    1211 Avenue of the Americas
    New York, New York 10036
    (212) 223-0400

To:   LAW OFFICE OF SAMUEL KATZ, PLLC
      Attorneys for Plaintiff
      4533 16th Avenue
      Brooklyn, New York 11204

      PHILLIPS LYTLE LLP
      Attorneys for Defendant
       HSBC Bank USA, N.A.
      340 Madison Avenue, 17th Floor
      New York, New York 10173

11